| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 9:22-CR-40 |
| § | |
| BRITTANY BARBER § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Brittany Barber's ("Barber") letter motion (#467), wherein Barber requests to be transferred to a federal facility. Barber maintains that she has been held in federal custody for approximately two months in the Fannin County Jail, a state facility, and has not started her intake process to transition to a federal facility. Barber requests to move to a federal facility so that she can begin to earn FSA credits and enroll in classes. Having considered the motion, the record, and the applicable law, the court is of the opinion that Barber's motion provides no basis for relief.

I.  Background

On December 13, 2022, Barber was transferred to federal custody pursuant to a writ of habeas corpus. On January 18, 2023, a federal grand jury in the Eastern District of Texas, Lufkin Division, returned a superseding indictment charging Barber with Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 846. On March 21, 2023, Barber entered a plea of guilty to Count One of the First Superseding Indictment pursuant to a non-binding plea agreement. On March 12, 2024, Barber was sentenced to 105 months' imprisonment, to run consecutively to Barber's imprisonment for any future state sentences. The court made the following recommendation to the Bureau of

Prisons ("BOP") regarding her place of confinement: "The court recommends the defendant serve the term of imprisonment at FCI Waseca, if eligible."

Barber claims that after her federal sentencing hearing, she was returned to state custody and housed at Lucile Plane State Jail in Liberty County, Texas, for two weeks to finish serving her state sentence. Barber asserts she was subsequently transferred to Panola County Jail in Panola County, Texas, where state charges were pending against her. Barber maintains that she received a sentence of time served and that all her charges in Panola County have been resolved.

Barber contends that she is currently being held in federal custody in the Fannin County Jail, but that she does not appear in the BOP's registry of inmates.

II. Analysis

With regard to Barber's request that she be transferred to a federal prison facility, "a decision to designate a facility as a place of federal detention, pursuant to 18 U.S.C. § 3621(b), is 'plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Peagler v. Reese*, No. 5:07-CV-166, 2010 WL 1409854, at *1 (S.D. Miss. Apr. 2, 2010) (quoting *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)); *accord United States v. Sikes*, No. 4:12-CR-211, 2021 WL 1090751, at *1 (E.D. Tex. Mar. 22, 2021) ("Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration."); *Vega v. Bergami*, No. EP-20-CV-127-DCG, 2020 WL 3686141, at *5 (W.D. Tex. July 6, 2020); *Pass v. Mosley*, No. 3:15CV664 CWR-LRA, 2017 WL 6806658, at *3 (S.D. Miss. Nov. 8, 2017), *adopted by* No. 3:15-CV-664-CWR-LRA, 2018 WL 283856 (S.D. Miss. Jan. 3, 2018). Indeed, "[t]he [BOP] has the sole authority to designate a prisoner's place of

incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir.) (citing *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)); *United States v. Neal*, No. 3:21-CR-0449-B-1, 2023 WL 5352910, at *3 (N.D. Tex. Aug. 18, 2023) (citing *United States v. Sanchez*, No. 3:14-CR-39-HTW-FKB-1, 2021 WL 3713459 at *7 (S.D. Miss. Aug. 20, 2021), *aff'd*, No. 21-60669, 2022 WL 1532637 (5th Cir. May 16, 2022)); *see* 18 U.S.C. § 3621(b). "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *Voda*, 994 F.2d at 152. The governing statute further provides that "[t]he Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). The statute also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.*; *United States v. Ford*, No. 04-CR-60 (JCH), 2009 WL 3059129, at *1 (D. Conn. Sept. 21, 2009) (holding that the court must deny a motion to transfer BOP facilities because it is beyond the purview of the court). Hence, the court is without authority to designate Barber's place of confinement and order her transfer to another facility.

At sentencing, a court may make a non-binding recommendation to the BOP regarding where a defendant should be imprisoned. *See Tapia v. United States*, 564 U.S. 319, 330 (2011) (recognizing that when a court sentences a federal offender, it can recommend that the BOP place the offender in a particular facility or program); *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008) (while nothing prevents the sentencing judge from making recommendations to the BOP, the determination of the commencement date and the designation of the place at which the sentence is to be served remains with the BOP); *Voda*, 994 F.2d at 151 ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but

. . . only the [BOP] has the actual authority to designate the place of incarceration."); *United States v. Chavez-Garcia*, No. 1:11-cr-00041-DCN-6, 2020 WL 1557414, at *1 (D. Idaho Mar. 31, 2020) (noting that judicial recommendations may and are routinely used to designate a placement within the custody of the BOP); *see also* 18 U.S.C. § 3621(b)(4). Nevertheless, "a district court's recommendation to the [BOP] is just that—a recommendation. It is not part of the sentence imposed by the district court." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

United States Probation and Pretrial Services confirmed that Barber is currently in federal custody and is being housed in the Fannin County Detention Center in Bonham, Texas. On July 18, 2024, Barber's information was sent to the BOP by the United States Marshal's Service ("USMS"). Barber's name is now listed in the BOP inmate locator, and she has been assigned a register number. Although her present location is described as "not in BOP custody," the BOP is currently in the process of determining a prison designation for Barber. Once that designation is made, the USMS will be able to transfer Barber to the designated federal facility. While the court made a recommendation that Barber be housed at FCI Waseca, that recommendation was non-binding and was not ultimately a part of Barber's sentence. Therefore, at this juncture, the decision as to where Barber is to serve the remainder of her sentence is "best left to the discretion, experience, and expertise of the BOP." *Vega*, 2020 WL 3686141, at *6.

IV. Conclusion

Consistent with the foregoing analysis, the court lacks jurisdiction over Barber's request. Consequently, Barber's letter motion (#467) is DISMISSED.

SIGNED at Beaumont, Texas, this 11th day of August, 2024.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE